UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FITZMARK, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-00895-TWP-TAB |
| ROBERT ROGERS, TRAFFIC TECH INC., | ) ) ) ) |
| Defendants. | ) |

### ORDER ON DEFENDANTS' MOTION TO STRIKE, DEFENDANTS' MOTION TO STAY, AND PLAINTIFF'S MOTION FOR REMAND

This matter is before the Court on Plaintiff FitzMark, LLC's ("FitzMark") Motion for Remand (Filing No. 16). Also pending is Defendant Robert Rogers ("Rogers") and Traffic Tech Inc.'s ("Traffic Tech Canada") (together, "Defendants") Motion to Strike Amended Complaint (Filing No. 22) and Motion to Stay Responsive Pleading Deadline Pending Resolution of Motion to Strike (Filing No. 23). For the following reasons, the Court **grants** FitzMark's Motion for Remand**, denies** Defendants' Motion to Strike, and **denies as moot** Defendants' Motion to Stay. *The Court also awards FitzMark its reasonable fees incurred as a result of Defendants' removal.*

### I.     BACKGROUND

The pending motions concern a missing comma. FitzMark initiated this action in the Marion Superior Court's, Indiana Commercial Court under Cause No. 49D01-2304-PL-017290, against Rogers and a company commonly called "Traffic Tech." FitzMark meant to sue "Traffic Tech, Inc."—with a comma—which is a California corporation based in Illinois ("Traffic Tech

US") (Filing No. 16-6 at 12–14).[1] However, the complaint actually named "Traffic Tech Inc."—without a comma—which is the Canadian parent corporation (Traffic Tech Canada). At the time, FitzMark did not realize that a comma distinguished the two entities.

In its complaint, FitzMark alleged that Rogers resigned from his employment with FitzMark in February 2023 and began working for a United States-based competitor, "Traffic Tech Inc.," in violation of his non-compete agreement (Filing No. 6-1 at 3-4). FitzMark further alleged that "Traffic Tech [Inc.]" is "a California corporation with a principal place of business located at 111 E Wacker Dr., Suite 2500, Chicago, IL 60601." *Id.* at 1, 3. The summons to "Traffic Tech Inc." was addressed to the registered agent for Traffic Tech US at its registered address in Chicago, Illinois. (Filing No. 1-3 at 15; Filing No. 16-5). Traffic Tech US was properly served via certified mail on May 1, 2023 (Filing No. 16-1). Traffic Tech Canada was not served but received a copy of the complaint shortly after service on Traffic Tech US (Filing No. 1 at 2).[2]

On May 16, 2023, an attorney emailed FitzMark's counsel, stating that she represented "the Defendants (Rogers and *Traffic Tech*) in the lawsuit filed by FitzMark in Marion County" (Filing No. 16-6 at 9 (emphasis added)). The email stated that Defendants were evaluating their removal rights and asked FitzMark to identify the citizenship of each of its members. *Id.* The next day, FitzMark's counsel stated he had "confirmed that at least one of FitzMark LLC's members is a resident and citizen of Illinois, Traffic Tech's principal place of business. There is no basis for

---

[1] The Court may take judicial notice of public records and government documents, including public documents available through the California Secretary of State's website. Fed. R. Evid. 201(b)(2); *see Knowles, Trustee of Bricklayers of Ind. Ret. Fund v. Rosa Mosaic & Tile Co.*, No. 19-cv-03877, 2023 WL 2612446, at *2 (S.D. Ind. Mar. 23, 2023); *Wells Fargo Bank, N.A. v. Langa Air, Inc.*, 2010 WL 4272586, at *1 n.1 (S.D. Ill. Oct. 25, 2010) (taking judicial notice of Missouri Secretary of State records because a court may "judicially notice public records and government documents").

[2] In their Notice of Removal, Defendants contend FitzMark "attempted" to serve Traffic Tech Canada on May 1, 2023, by serving Traffic Tech US. However, nothing in the record suggests that FitzMark ever "attempted" or intended to serve Traffic Tech Canada. The record shows that FitzMark meant to serve Traffic Tech US.

2

federal jurisdiction" (Filing No. 16-6 at 6). On May 18, 2023, Defendants' counsel sent a response, but it did not mention citizenship or removal. *Id.* at 5.

On May 22, 2023, Defendants' counsel sent an email reasserting her request for the citizenship of each of FitzMark's members. *Id.* at 3. Counsel for FitzMark responded that there were no grounds for removal because FitzMark is a citizen of Illinois, and "[a]ccording to its website and Secretary of State filings, Traffic Tech's principal place of business is in Illinois, making it a citizen of Illinois." *Id.* at 2. The reply from Defendants' counsel stated only that "Traffic Tech Inc. does not have a principal place of business in Illinois. I am assuming from your response that Fitzmark does not have a member who is a citizen of Florida," which is Rogers' state of citizenship. *Id.* at 1 (emphasis in original). FitzMark's counsel then asked Defendants' counsel to "explain the basis for [her] statement that Traffic Tech does not have a principal place of business in Illinois.… Traffic Tech's filing with the California Secretary of State (its state of formation) identifies the same location as its 'principal address.'" *Id.* The email had several attachments, including a screenshot of Traffic Tech US's website showing its Chicago address, Traffic Tech US's filing with the California Secretary of State, and a Notice of Removal filed by Traffic Tech US in a different lawsuit. *Id.* Defendants did not respond to the request for an explanation.

The next day, on May 23, 2023, counsel for Rogers and Traffic Tech Canada filed Appearances and a Notice of Removal, asserting that complete diversity existed between FitzMark (an Illinois citizen), Rogers (a Florida citizen), and Traffic Tech Canada (a Canadian citizen) (Filing No. 1). A footnote in the Notice of Removal identified FitzMark's mistake. The footnote stated: "Fitzmark attempted service on Traffic Tech [Canada] on May 1, 2023, but it served a

3

*different* entity (Traffic Tech, Inc.) from the named Defendant (Traffic Tech Inc.)." *Id.* at 2 n.1 (emphasis in original).

On June 1, 2023, FitzMark filed an Amended Complaint adding the comma in "Traffic Tech, Inc." ([Filing No. 11](Filing No. 11)) and a Motion for Remand ([Filing No. 16](Filing No. 16)). On June 15, 2023, Defendants filed a Motion to Strike the Amended Complaint ([Filing No. 22](Filing No. 22)) and a Motion to Stay ([Filing No. 23](Filing No. 23)).

## II.   LEGAL STANDARD

**A.   Motions for Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction,[3] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." *Id.* § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action," and "[e]ach defendant shall have 30 days after receipt by or service on that defendant . . . to file the notice of removal." *Id.* §§ 1446(b)(2)(A), (b)(2)(B).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of

---

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

**B.**     **Motions to Strike**

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may, (1) act on its own, or (2) on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. *Id.* Motions to strike are generally disfavored; however, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

### III.     DISCUSSION

The Court will discuss Defendants' Motion to Strike and Motion to Stay before turning to FitzMark's Motion for Remand and request for fees pursuant to 28 U.S.C. § 1447(c).

**A.**     **Defendants' Motion to Strike and Motion to Stay**

Defendants move to strike FitzMark's Amended Complaint because it was improperly filed without leave of Court, because the Amended Complaint would be futile, and because the Court may deny joinder of Traffic Tech US under 28 U.S.C. § 1447(e) (Filing No. 22 at 1–2). Defendants also ask that the Court stay responsive pleading deadlines pending resolution of their Motion to

5

Strike (Filing No. 23). FitzMark responds that because its Amended Complaint only served to correct Traffic Tech US's name, it was filed properly as a matter of course (Filing No. 27 at 2).

Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may file an amended complaint as a matter of course within twenty-one days after service of a response pleading (Filing No. 22 at 7). FitzMark's Amended Complaint was filed within twenty-one days of Defendants' Answer (Filing No. 5; Filing No. 11). However, Defendants contend that Rule 21 required FitzMark to obtain leave of Court before filing its Amended Complaint because it adds "Traffic Tech, Inc." as a new party. *Id.*; Fed. R. Civ. P. 21. FitzMark responds that Traffic Tech US has always been the proper defendant to this action, and that its Amended Complaint only corrected a "mere misnomer" (Filing No. 27 at 1, 3). The Court agrees with FitzMark. The Amended Complaint did not add or substitute any new parties, so Rule 21 does not apply.

The Court recognizes that even a single comma can create two distinct entities, and parties and counsel are expected to take great care in noticing these types of details. Nonetheless, in this case, it is clear that FitzMark named the proper defendant despite a missing comma. In the Complaint, the defendant was alleged to be Rogers' employer, a FitzMark competitor operating in the United States, and a California corporation with its principal place of business in Illinois. Each of these allegations unmistakably describes Traffic Tech US. None of them describes Traffic Tech Canada, a Canadian corporation that admittedly never employed Rogers (Filing No. 5 at 1). Further, FitzMark served process on Traffic Tech US through its registered agent at its registered address in Chicago, Illinois. FitzMark did not attempt service on Traffic Tech Canada.

And if FitzMark's pleadings left any room for confusion (which the Court believes they did not), the May 2023 emails from FitzMark's counsel resolved that confusion. Counsel for FitzMark re-stated that FitzMark was suing a California company with a principal place of business in

6

Illinois, and he explained how "Traffic Tech's" Illinois citizenship precluded diversity jurisdiction. Counsel for FitzMark even attached several documents to his last email, including Traffic Tech US's filing with the California Secretary of State and a Notice of Removal filed by Traffic Tech US in a different lawsuit.

It is evident from FitzMark's pleadings and emails that FitzMark did not mistakenly name Traffic Tech Canada as the defendant; rather, it merely misspelled Traffic Tech US's name. *See Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 234 (7th Cir. 1996) (stating that misnomers may be corrected "when the right defendant has been sued by the wrong name, not when the wrong defendant has been sued"). *Cf. Piggee v. Columbia Sussex Corp.*, No. 08-CV-107, 2008 WL 2705537, at *1 (N.D. Ind. July 9, 2008) (declining to apply the misnomer rule because plaintiff admitted he had mistakenly sued the wrong entity). FitzMark may correct this type of mistake by amendment under Rule 15(a)(1)(B) as a matter of course.

Neither Rogers nor Traffic Tech US will be prejudiced by the name correction, as both of them received proper service, and this case is still in its very early stages. Defendants argue that Traffic Tech US "will be prejudiced because it will be forced to move to dismiss in state court for lack of personal jurisdiction," and that Rogers will be prejudiced because Traffic Tech US "will ultimately be dismissed" and Rogers "will have lost his removal right" (Filing No. 22 at 20–21). However, Traffic Tech US is not prejudiced solely because it must defend against FitzMark's claims. And the Court cannot assume that Traffic Tech US "will" be dismissed from this action, so there is no basis to conclude that Rogers will be prejudiced.

Because FitzMark's Amended Complaint merely corrects a misnomer, FitzMark was permitted under Rule 15(a)(1)(B) to file its Amended Complaint as a matter of course. The Court need not address Defendants' arguments regarding futility or joinder, since the Court is not

7

construing FitzMark's Amended Complaint as a motion for leave to amend or a request to join parties. Defendants' Motion to Strike Amended Complaint is **denied**, and their Motion to Stay is **denied as moot**.

### B.     FitzMark's Motion for Remand

In its Motion for Remand, FitzMark accuses Traffic Tech Canada of "inject[ing] itself into this litigation and improperly remov[ing] to this Court" despite the fact that it "is not, and has never been, a party to this action." (Filing No. 16 at 1.) FitzMark argues that Traffic Tech US has always been the proper party to this action, and that remand is appropriate because there is not complete diversity between FitzMark, Rogers, and Traffic Tech US. *Id.* at 2. In response, Defendants incorporate the arguments raised in their Motion to Strike. (Filing No. 24 at 1–2.) In particular, Defendants contend "Plaintiff's post-removal attempt to add a non-diverse party to this action is altogether improper, and its Amended Complaint should be struck" because complete diversity existed at the time of removal—and still exists based on the original complaint. *Id*.

As discussed above, the Court agrees with FitzMark. Traffic Tech US, and not Traffic Tech Canada, is and always has been the proper defendant to this action. Traffic Tech US's principal place of business is Illinois, and at least one of FitzMark's members is a citizen of Illinois, so complete diversity is lacking. *See* 28 U.S.C. § 1332(c)(1); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."); *Fidelity & Deposit Co. of Md. v. Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) ("For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete' meaning that no plaintiff may be a citizen of the same state as any defendant.").

Traffic Tech Canada's appearance in this case and Defendants' insistence that Traffic Tech Canada is a defendant ignore the face of the pleadings and FitzMark's counsel's emails. Such subterfuge is not tolerated by this Court and, more importantly, does not create federal jurisdiction. *See Mitchell v. City of Indianapolis*, No. 18-cv-00232, 2019 WL 4600214, at *1 (S.D. Ind. Sept. 20, 2019) ("Although [defendant's] name was misspelled, given the distinctiveness of his surname and the detailed allegations set forth in the first amended complaint, the City should have known that but for this one-letter mistake, the action would have been brought against [the proper defendant]. This is what our much beloved and missed former colleague, the late S. Hugh Dillin, referred to as 'hiding in the bushes,' a practice he would not countenance in the cases he adjudicated. Following his example as we have on innumerable occasions over the years, neither will we permit this practice."). FitzMark's Motion for Remand is **granted**.

C.   **FitzMark's Request for Attorneys' Fees**

FitzMark also requests its reasonable attorneys' fees incurred in opposing Defendants' removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may award fees under § 1447(c) where "the removing party lacked an 'objectively reasonable basis'" for seeking removal. *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). Sanctions may be awarded when removal is clearly improper, *id.*, but not necessarily frivolous, *Martin*, 546 U.S. at 138–40 (explaining rationale for fee-shifting).

Defendants had no objectively reasonable basis for seeking removal. The lack of a comma, by itself, was insufficient in light of how plainly FitzMark's pleadings and emails showed that Traffic Tech US was the proper defendant. Yet, instead of notifying FitzMark that a mistake had been made or cooperating with FitzMark to resolve that mistake, Defendants exploited FitzMark's

9

confusion. Defendants attempted to obtain the citizenship information it needed to file a Notice of Removal without revealing that FitzMark had misplaced a comma, or that Traffic Tech Canada planned to appear in this action.

In her first email to FitzMark, Defendants' counsel identified her client simply as "Traffic Tech." She did not mention either "Traffic Tech Inc." or "Traffic Tech, Inc." until May 22, 2023, when she stated only that "Traffic Tech Inc. does not have a principal place of business in Illinois" ([Filing No. 16-6 at 1](#) (emphasis in original)). Then when FitzMark asked for clarification about "Traffic Tech's" citizenship, Defendants' counsel did not respond. It is apparent that Defendants' emails to FitzMark were designed to ensure that FitzMark did not realize or correct its mistake until after Defendants removed this action. It is also apparent that Defendants knew, or should have known, that this action should not have been removed to begin with.

In sum, Traffic Tech US was, and is, the proper defendant to this action, and under clearly established law, there is not complete diversity between FitzMark, Rogers, and Traffic Tech US. Defendants' willful ignorance and lack of candor prompted unnecessary motions practice and wasted this Court's resources. Removal was entirely improper, and FitzMark should be awarded its reasonable attorneys' fees incurred in opposing removal.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike Amended Complaint ([Filing No. 22](#)) is **DENIED**, Defendants' Motion to Stay Responsive Pleading Deadline Pending Resolution of Motion to Strike ([Filing No. 23](#)) is **DENIED as moot**, and FitzMark's Motion for Remand ([Filing No. 16](#)) is **GRANTED**. **The Clerk is directed to remand** this matter to the Marion County Commercial Court, Cause No. 49D01-2304-PL-017290, and to **close this federal action**.

Further, Defendants are **ORDERED** to pay FitzMark its reasonable attorney fees, incurred as a result of Defendants' removal. It is the Court's expectation that the parties can agree on an

amount. FitzMark may submit a statement of its reasonable attorney fees, for the Court's approval. If counsel are unable to agree on the amount of fees to which FitzMark is entitled, then FitzMark shall file a motion for fees and accompanying affidavit within **twenty-eight (28) days of the date of this Entry**.

    SO ORDERED.

Date: 7/20/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Alexander Pape Orlowski
BARNES & THORNBURG, LLP (Indianapolis)
aorlowski@btlaw.com

Matthew B. Barr
BARNES & THORNBURG, LLP (Indianapolis)
mbarr@btlaw.com

Lukas S. Boehning
FREDRIKSON & BYRON P.A.
lboehning@fredlaw.com

Pamela J. Abbate-Dattilo
FREDRIKSON & BYRON, P.A.
pabbatedattilo@fredlaw.com

Zachary Myers VanVactor
STITES & HARBISON, PLLC (Louisville)
zvanvactor@stites.com