UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FITZMARK, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00895-TWP-TAB |
| | ) |
| ROBERT ROGERS, | ) |
| TRAFFIC TECH INC., | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

This matter is before the Court on Plaintiff FitzMark, LLC's ("FitzMark") Motion for Attorneys' Fees pursuant to 28 U.S.C. § 1447(c) (Filing No. 32). FitzMark seeks an award of $54,303.00 in attorneys' fees (Filing No. 41 at 10). For the following reasons, FitzMark's Motion for Attorneys' Fees is **granted in part**, for a lesser amount than requested.

### I. BACKGROUND

The motions filed in this case all stem from a missing comma. FitzMark initiated this action in Marion Superior Court's Indiana Commercial Court under Cause No. 49D01-2304-PL-017290 against Robert Rogers ("Rogers") and a company called "Traffic Tech Inc." ("Traffic Tech") (Filing No. 1-3 at 4). FitzMark meant to sue "Traffic Tech, Inc."—with a comma—which is a California corporation based in Illinois ("Traffic Tech US") (Filing No. 16-6 at 12–14).[1] However, the complaint actually named "Traffic Tech Inc."— without a comma—which is the

---

[1] The Court may take judicial notice of public records and government documents, including public documents available through the California Secretary of State's website. Fed. R. Evid. 201(b)(2); *see Knowles, Trustee of Bricklayers of Ind. Ret. Fund v. Rosa Mosaic & Tile Co.*, No. 19-cv-03877, 2023 WL 2612446, at *2 (S.D. Ind. Mar. 23, 2023); *Wells Fargo Bank, N.A. v. Langa Air, Inc.*, 2010 WL 4272586, at *1 n.1 (S.D. Ill. Oct. 25, 2010) (taking judicial notice of Missouri Secretary of State records because a court may "judicially notice public records and government documents").

Canadian parent corporation ("Traffic Tech Canada").  When it initiated this action, FitzMark did not realize that a comma distinguished the two entities.

Between May 16 and May 23, 2023, counsel for FitzMark and counsel for the Defendants (Rogers and Traffic Tech) exchanged emails about the possibility of removal and the parties' respective states of citizenship.  The emails from FitzMark's counsel, in addition to the original Complaint, made clear that FitzMark was suing Traffic Tech US.  In her first email to FitzMark, Defendants' counsel identified her client simply as "Traffic Tech".  She did not mention either "Traffic Tech Inc." or "Traffic Tech, Inc." until May 22, 2023, when she stated only that "Traffic Tech Inc. does not have a principal place of business in Illinois" (Filing No. 16-6 at 1 (emphasis in original)). When FitzMark asked for clarification about "Traffic Tech's" citizenship, Defendants' counsel did not respond.  It is apparent that Defendants' emails to FitzMark were designed to ensure that FitzMark did not realize or correct its mistake until after Defendants removed this action. It is also apparent that Defendants knew, or should have known, that this action should not have been removed to begin with.  *See* Filing No. 30 at 10.

On May 23, 2023, counsel for Rogers and Traffic Tech Canada filed Appearances and a Notice of Removal, asserting that complete diversity existed between FitzMark (an Illinois citizen), Rogers (a Florida citizen), and Traffic Tech Canada (a Canadian citizen) (Filing No. 1). A footnote in the Notice of Removal identified FitzMark's mistake. The footnote stated: "Fitzmark attempted service on Traffic Tech [Canada] on May 1, 2023, but it served a ***different*** entity (Traffic Tech, Inc.) from the named Defendant (Traffic Tech Inc.)." *Id.* at 2 n.1 (emphasis in original).

On June 1, 2023, FitzMark filed an Amended Complaint adding the comma in "Traffic Tech, Inc." (Filing No. 11) and a Motion for Remand (Filing No. 16). On June 15, 2023, Defendants filed a Motion to Strike the Amended Complaint (Filing No. 22) and a Motion to Stay

2

(Filing No. 23). On July 20, 2023, the Court granted FitzMark's Motion for Remand, denied Defendants' Motion to Strike, and denied as moot Defendants' Motion to Stay (Filing No. 30). FitzMark also requested reasonable attorneys' fees incurred because of Defendants' removal, which the Court awarded, finding that Defendants' removal was unreasonable and "entirely improper." *Id.* The parties were unable to agree on an amount of fees to which FitzMark is entitled, so on August 15, 2023, FitzMark filed a Motion for Attorneys' Fees in the amount of $43,124.00. (Filing No. 32).

## II. LEGAL STANDARD

When a case is remanded due to improper removal, the court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may award fees under § 1447(c) where "the removing party lacked an 'objectively reasonable basis'" for seeking removal. *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). Sanctions may be awarded when removal is clearly improper, *id.*, but not necessarily frivolous, *Martin*, 546 U.S. at 138–40 (explaining rationale for fee-shifting).

## III. DISCUSSION

FitzMark seeks attorneys' fees it incurred because of Traffic Tech, Inc.'s improper removal. Defendant argues the Court should decline to award fees, or limit the amount awarded, for multiple reasons. The Court will discuss each in turn.

### A. Reasonableness of Removal

Defendants argue their removal of the case was not objectively unreasonable and asks the Court to revisit its decision to award fees (Filing No. 38 at 4). It is well-established that "pursuant to Local Rule 7-1(a), the Court will not consider a motion that is contained within a response

3

brief." *Slabaugh v. State Farm Fire & Cas. Co.*, No. 1:12-cv-01020-RLY-MJD, 2014 WL 1767088, at *6 (S.D. Ind. May 1, 2014). Defendants' argument is, in essence, a motion to reconsider, which the Court **denies**. As the Court thoroughly described in its Order, removal was "entirely improper" and "wasted this Court's resources." (Filing No. 30 at 10.) Defendants had several opportunities to alert FitzMark of their punctuation mistake; instead, Defendants communicated in a way designed to ensure that FitzMark did not realize or correct its mistake until after Defendants removed this action. A simple telephone call or email response to the request for an explanation could have promptly clarified the confusion. Defendants knew, or should have known, Traffic Tech, Inc. was the proper, and indeed intended, defendant. Defendants lacked an objectively reasonable basis for removing this case so the Court's Order granting reasonable attorneys' fees will stand.

**B.     Meet-and-Confer Requirement**

Defendants argue that FitzMark's Motion should be denied because FitzMark failed to make reasonable efforts through the meet-and-confer process (Filing No. 38 at 8). Under Local Rule 7-1(g)(1), the Court may not grant a motion for attorney's fees (other than post-judgment fees) unless movant's counsel has demonstrated they made reasonable efforts to confer with opposing counsel to resolve the issues raised in the motion. S.D. Ind. Local R. 7-1(g)(1). The Seventh Circuit has previously held that a conference in addition to email exchanges and telephone calls are enough to fulfill the meet-and-confer obligation. *See Houston v. C.G. Sec. Services, Inc.*, 820 F.3d 855, 858 (7th Cir. 2016).

FitzMark proffers that it conferred with Defendants several times. On July 27, 2023, FitzMark sent Defendants a letter detailing the fees it incurred because of their improper removal. (Filing No. 33-1.) The letter included a spreadsheet of time entries and FitzMark explained they

had "excluded fees FitzMark may have incurred regardless of the removal, such as fees relating to discovery or settlement correspondence." *Id.*  FitzMark demanded payment by August 4, 2023. *Id.* at 2.  Defendants did not do so.  ([Filing No. 33 at 2](#).)  On August 7, 2023, FitzMark again raised the issue of fees to Defendants during a telephone call ([Filing No. 39 at 2](#), ¶ 4).  Defendants responded by stating they were not "prepared to fully discuss [the] matter" because they were still "evaluating the fee demand and documentation provided to support the demand." *Id.*  Defendants also informed FitzMark that they would send a letter outlining their position in the coming days. *Id.* at ¶ 5.

Between August 9, and August 15, 2023, FitzMark and Defendants continued to communicate via email. On August 9, 2023, FitzMark emailed Defendants asking them to "encourage Traffic Tech and Rogers to reconsider its position in light of the Court's directive that it expects the parties to reach agreement on the fee award."  ([Filing No. 39 at 18](#).)  Defendants responded that same day stating they would submit a written response the following day "making an offer to resolve the fee motion." *Id.* at 17. On August 11, 2023, Defendants sent an email offering to pay $7,500.00 but stating they would not waive their right to appeal the Court's order denying the motion to strike, granting remand, and awarding reasonable attorney's fees.  ([Filing No. 33-2 at 2](#).)  On August 15, 2023, FitzMark rejected Defendants' offer ([Filing No. 39 at 16](#)). Defendants offered to stipulate to an extension of the Court's August 17, 2023 deadline for FitzMark to file a motion for fees, but FitzMark declined the offer.  FitzMark filed its fee motion August 15, 2023, two days before the deadline ([Filing No. 32](#)).

The Court concludes that the above exchange of emails and attempt to discuss FitzMark's fee request via telephone satisfy Local Rule 7-1(a)'s meet-and-confer requirement.  On July 27, 2023, FitzMark sent Defendants a letter detailing its opening fee demand of $40,599.50.  FitzMark

5

attempted to follow up on its letter on August 7, 2023 via telephone and again on August 9, 2023, yet Defendants waited until August 11, 2023, to send any substantive response or counteroffer. Based on that counteroffer of $7,500.00, FitzMark concluded that the parties' demands were so disparate as to foreclose the possibility of reaching an agreement as to fees. The Court is persuaded. Even if FitzMark had taken Defendants' offer to stipulate to an extension of the Court's deadline, ([Filing No. 39 at 17](#)), the tone of counsels' emails and disparity between the parties' positions leads the Court to conclude that further meet-and-confer efforts, regrettably, would have been futile.

Local Rule 7-1(g)(1) requires only that an attorney make reasonable efforts to confer. The conferences need not be successful. The parties' correspondence conferred, albeit brief, is sufficient to satisfy a reasonable meet-and-confer requirement.

**C.     Reduction of Fees**

FitzMark seeks a total fee award of $54,303.00 for 121.70 hours of work done by a total of three attorneys, partner Matthew B. Barr ("Barr"), partner Alexander P. Orlowski ("Orlowski"), and fourth-year associate Zachary Miller ("Miller") ([Filing No. 33-3](#); [Filing No. 41-3](#)). Defendants argue FitzMark's fee request is not reasonable because they (1) seek fees that were not incurred because of the removal, (2) did not exercise billing judgment in their request, and (3) spent an excessive amount of time on each task ([Filing No. 38 at 10-18](#)).

Reasonable attorneys' fees are generally calculated by the lodestar method, which requires the Court to multiply the number of hours reasonably expended on the matter by an attorney's reasonable hourly rate. *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). The number of hours reasonably expended should not include those hours that are "excessive, redundant, or otherwise unnecessary." *Small v. Richard Wolf Medical*

*Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

    1.    **Fees Not Incurred as a Result of Removal**

Defendants argue that some fees FitzMark seeks are not recoverable because they "were not incurred as a result of the removal." (Filing No. 38 at 10.)  Specifically, Defendants asks the Court to not award FitzMark fees incurred (1) amending the Complaint, (2) opposing the motion to strike, (3) responding to the motion to stay the deadline to respond to the Amended Complaint; (4) preparing the case management plan; or (5) engaging in discovery. *Id.* at 12.

Entries relating to time spent preparing the case management plan will be allowed.  The time spent preparing the case management plan was specific to this Court and necessitated by Defendants' removal.  *But see Shelter Ins. Co. v. Lightning & Supplies, Inc.*, No. 1:12-cv-01007-LJM, 2012 WL 5505778, at *2 (S.D. Ind. 2012) (not awarding attorneys' fees related to plaintiffs' motion to suspend the case management plan because the motion was not incurred as a result of removal since plaintiffs chose to file it and it was denied).  Here, FitzMark spent a total of 1.6 hours working on the case management plan specific to this Court, omitting any time spent scheduling matters in state court (Filing No. 33-3 at 8).  This time is reasonable.

The remaining four types of entries will not be allowed.  FitzMark argues they should be allowed to recover fees for amending the Complaint because "[h]ad Defendants not taken their unreasonable removal position, FitzMark could have filed a simple one-page motion in Indiana Commercial Court to correct the case caption." (Filing No. 41 at 8). It is Defendants' contention that even if the case remained in state court, FitzMark would have needed to amend the original Complaint anyway (Filing No. 38 at 11); this Court agrees with Defendants.  FitzMark would have

7

also needed to respond to the Motion to Stay the deadline for the Amended Complaint and talk about discovery responses.

The Court also acknowledges FitzMark's argument that because Defendants' Motion to Remand incorporated by reference Defendants' Motion to Strike, they would have needed to respond substantively either way (Filing No. 41 at 8). Had FitzMark responded to Defendants' Motion to Strike arguments in the Motion to Remand, they would be awarded fees. But FitzMark willingly made the choice to address the Defendants' arguments in the Motion to Strike the Amended Complaint, so related fees will be excluded.

### 2. Reasonableness of Hourly Rate

A reasonable hourly rate is the local market rate for the attorney's services. *Eagle F. v. Phyllis Schlafly's Am. Eagles*, 498 F. Supp. 3d 1024, 1047 (S.D. Ill. 2020). Counsel bears the burden of producing satisfactory evidence that the hourly rate is reasonable and in line with those prevailing in the community. *Thomas v. Shoshone Trucking, LLC.*, No. 420CV00209TWPKMB, 2023 WL 2649490, at *3 (S.D. Ind. Mar. 27, 2023). Here, FitzMark's counsel billed the following discounted hourly rates: $570.00, $495.00, and $365.00, for Barr, Orlowski, and Miller, respectively (Filing No. 33-3 at ¶¶ 7, 10, 13). The average rates for attorneys at Midwestern AmLaw 100 firms with experience like Barr, Orlowski, and Miller are $573.00, $561.00, and $406.00 per hour, respectively (Filing No. 33-4 at ¶¶ 8-9, 11-12, 14-15). Defendants do not dispute the reasonableness of the hourly rates charged by FitzMark's counsel. The Court finds FitzMark's counsel's rates to be reasonable and will use those as the rates in this case.

### 3. Reasonableness of Hours Expended

FitzMark submits that counsel expended 121.70 hours on the following tasks:

> (1) draft[ing] its motion for remand and accompanying brief; (2) draft[ing] a reply brief in support of its motion for remand after Defendants opposed; (3) amend[ing]

8

>its complaint to address Defendants' rejected position that it had sued a Canadian entity; (4) oppos[ing] Defendants' motion to strike FitzMark's Amended Complaint; (5) respond[ing] to Defendants' motion to stay the proceedings; (6) prepar[ing] a draft case management plan as required by Court Order; and (7) draft[ing] the instant motion….

(Filing No. 33 at 4).

As discussed previously, the Court finds that FitzMark may not recover fees for time spent amending the Complaint, opposing Defendant's Motion to Strike, and responding to Defendants' Motion to Stay because those fees were not incurred as a result of removal.

Additionally, Defendants argue that several entries related to removal are unreasonable and unrecoverable. The Court finds several such entries to be unreasonable for vagueness. "When a fee petition is vague or inadequately documented, a district court may [ ] strike the problematic entries…", *Harper v. City of Chi. Heights*, 233 F.3d 593, 605 (7th Cir. 2000). Certain entries contain redactions that prevent the Court from determining what time was expended on what tasks. For example, on May 24, 2023, Barr spent 0.7 hours "[d]raft[ing] correspondence to client regarding [redacted]; draft[ing] correspondence to opposing counsel regarding same." (Filing No. 33-1 at 3). The Court cannot determine whether this correspondence was related to removal or not, so this and similar entries will be disallowed for vagueness. *See Montanez v. Simon*, 755 F.3d 547, 555 (7th Cir. 2014) ("The [district court] judge also deducted some hours because they were improperly or inadequately recorded. For example, the court rejected time billed for vaguely described telephone calls; hours billed as 'call to client,' without more, were disallowed."); *see also Thomas v. Shoshone Trucking, LLC*, 2023 WL 2649490 at *7 (S.D. Ind. March 27, 2023) (finding a forty percent reduction appropriate when, amongst other things, counsel recoded time entries as "Confer[ing] with client regarding [redacted]").

Further, FitzMark's use of block-billing leaves the Court unable to determine reasonableness of certain entries. "Although 'block billing' does not provide the best possible

description of attorneys' fees, it is not a prohibited practice." *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 569 (7th Cir. 2006). When reviewing block-billed entries, the court must consider whether the entries are "sufficiently detailed to permit adequate review of the time billed to specific tasks" and whether that time was reasonably necessary. *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008). On June 21, 2023, Orlowski spent 1.6 hours "[c]onferr[ing] with litigation team regarding response to motion to strike and opposition to motion to remand; analyzed and revised draft of same." ([Filing No. 33-1 at 4](#).) Fees related to the motion to strike are not recoverable, and the Court cannot discern from this entry how much time was spent on the motion to strike versus the motion to remand. Accordingly, no fees will be awarded for this and similar block-billed entries.

For the reasons listed above, the Court disallows the following time entries:

| Work Date | Attorney | Billable Rate | Billed Hours | Reimbursable Amount | Task |
|---|---|---|---|---|---|
| **Disallowed as relating to filing of Amended Complaint** | | | | | |
| 5/24/2023 | Zachary T. Miller | 365 | 2.8 | 1022 | Researched and analyzed case law regarding proper procedure for correcting misnomer in pleadings |
| 5/26/2023 | Alexander P. Orlowski | 495 | 1.1 | 544.5 | Worked with Zach Miller on Amended Complaint and Motion to Remand; correspondence with [redacted] |
| 5/26/2023 | Zachary T. Miller | 365 | 1.1 | 401.5 | Drafted and prepared amended complaint; analyzed allegations in original complaint |
| 5/30/2023 | Matthew B. Barr | 570 | 1.2 | 684 | Drafted correspondence to opposing counsel; reviewed remand filings and amended complaint; revised and edited the same |
| 5/30/2023 | Alexander P. Orlowski | 495 | 3.4 | 1683 | Analyzed letter from opposing counsel regarding status of served discovery; conferred with litigation team to discuss Amended Complaint and Notice of Removal; analyzed and revised Motion to Seal, Brief in Support, proposed redactions, draft affidavits, Motion to Remand, and Amended |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Complaint; sent correspondence to [redacted] |
| 5/31/2023 | Alexander P. Orlowski | 495 | 0.9 | 445.5 | Conferred with Matthew Barr regarding conversations with opposing counsel and strategy on Amended Complaint and Motion to Remand; attended to revisions to same. |
| 5/31/2023 | Zachary T. Miller | 365 | 0.6 | 219 | Reviewed and analyzed case law regarding ability to amend complaint as a matter of course after filing of answer. |
| 6/1/2023 | Alexander P. Orlowski | 495 | 1.2 | 594 | Analyzed, revised, and finalized Amended Complaint and conferred with Zach Miller regarding procedure for filing to correct misnomer in name of defendant. |
| 6/1/2023 | Zachary T. Miller | 365 | 0.9 | 328.5 | Revised and supplemented draft of Amended Complaint. |
| **Disallowed as relating to Motion to Stay** | | | | | |
| 6/27/2023 | Zachary T. Miller | 365 | 0.4 | 146 | Drafted and prepared response to motion to stay responsive pleading deadline. |
| 6/27/2023 | Zachary T. Miller | 365 | 0.3 | 109.5 | Reviewed and analyzed motion to stay responsive pleading deadline to prepare response. |
| 6/28/2023 | Zachary T. Miller | 365 | 0.3 | 109.5 | Revised and supplemented draft of response to motion to stay responsive pleading deadline. |
| **Disallowed as relating to Motion to Strike** | | | | | |
| 6/16/2023 | Zachary T. Miller | 365 | 0.4 | 146 | Analyzed Defendants' Motion to Strike in order to prepare FitzMark's response. |
| 6/19/2023 | Alexander P. Orlowski | 495 | 1.1 | 544.5 | Analyzed Traffic Tech's motion to strike, opposition to remand, and motion to stay. |
| 6/19/2023 | Zachary T. Miller | 365 | 0.5 | 182.5 | Analyzed motion to strike to prepare response; researched case law related to the same |
| 6/20/2023 | Zachary T. Miller | 365 | 0.4 | 146 | Strategized regarding FitzMark's response to Defendants' Motion to Strike Amended Complaint. |
| 6/21/2023 | Alexander P. Orlowski | 495 | 1.6 | 792 | Conferred with litigation team regarding response to motion to strike and opposition to motion to remand; analyzed and revised draft of same. |
| 6/22/2023 | Alexander P. Orlowski | 495 | 2.4 | 1188 | Further analyzed arguments in Defendants' Motion to Strike Amended Complaint and reviewed legal research on issues relating to |

| Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|
| | | | | | unjust enrichment and specific personal jurisdiction; drafted outline of arguments for opposition brief and conferred with Zach Miller regarding same. |
| 6/25/2023 | Zachary T. Miller | 365 | 0.4 | 146 | Drafted and prepared response to Defendants' Motion to Strike Amended Complaint. |
| 6/26/2023 | Alexander P. Orlowski | 495 | 0.9 | 445.5 | Worked with Zach Miller on arguments in opposition to Defendants' motion to strike |
| 6/26/2023 | Zachary T. Miller | 365 | 5.4 | 1971 | Drafted response to motion to strike addressing Traffic Tech's arguments regarding the futility of the amended complaint and the misnomer doctrine. |
| 6/27/2023 | Alexander P. Orlowski | 495 | 0.6 | 297 | Worked with Zach Miller on opposition to motion to strike amended complaint and response to defendant's motion to stay pleading deadline. |
| 6/27/2023 | Zachary T. Miller | 365 | 3.6 | 1314 | Continued drafting response to motion to strike amended complaint, addressing Traffic Tech's arguments |
| 6/28/2023 | Matthew B. Barr | 570 | 2.6 | 1482 | Revised and edited opposition to motion to strike and motion to stay; conferred with Alex Orlowski and Zach Miller regarding additional edits to same briefs |
| 6/28/2023 | Alexander P. Orlowski | 495 | 4.9 | 2425.5 | Conferred with litigation team regarding arguments in opposition to motion to strike and issues relating to both specific personal jurisdiction and subject-matter jurisdiction; revised and supplemented opposition to motion to strike and response to motion to stay pleading deadline; worked with Zach Miller to finalize briefing for filing. |
| 6/28/2023 | Zachary T. Miller | 365 | 3.4 | 1241 | Revised and supplemented draft of response to Traffic Tech's motion to strike amended complaint. |
| 7/6/2023 | Alexander P. Orlowski | 495 | 0.8 | 396 | Analyzed Rogers' and Traffic Tech's reply in support of motion to strike and considered potential sur-reply; conferred with litigation team regarding same |
| 7/6/2023 | Zachary T. Miller | 365 | 0.4 | 146 | Reviewed and analyzed Traffic Tech's reply in support of motion to strike amended complaint |
| 6/16/2023 | Zachary T. Miller | 365 | 0.4 | 146 | Analyzed Defendants' Motion to Strike in order to prepare FitzMark's response. |

12

| **Disallowed for Vagueness caused by Redactions or Block-billing** | | | | | |
|---|---|---|---|---|---|
| 5/24/2023 | Matthew B. Barr | 570 | 0.7 | 399 | Drafted correspondence to client regarding [redacted] |
| 6/1/2023 | Zachary T. Miller | 365 | 0.4 | 146 | Drafted and prepared corporate disclosure required by federal rules of civil procedure. |
| 6/5/2023 | Alexander P. Orlowski | 495 | 0.3 | 148.5 | Conferred with Matthew Barr regarding additional documents needed for proof and correspondence with client regarding [unknown] |
| 5/24/2023 | Alexander P. Orlowski | 495 | 1.4 | 693 | Analyzed legal research with respect to procedures for remand and conferred with litigation team regarding same; conferred with Zach Miller regarding discovery responses and analysis of options to address corporate entity; conferred with Matthew Barr regarding same. |

The excluded time entries above total $20,536.50. Having resolved all of Defendants' objections, the Court finds that the remaining fees sought by FitzMark are recoverable and reasonable. This Court therefore reduces FitzMark's fee request by $20,536.50, and awards FitzMark $33,766.50, plus costs. FitzMark is entitled to $11,179.00 for 25 hours of work spent "analyzing Rogers' and Traffic Tech's Opposition to FitzMark's Motion for Attorneys' Fees and preparing FitzMark's Reply and supporting materials." (Filing No. 41 at 2; Filing No. 41-3 ¶ 6; Filing No. 41-3 at 5).

### IV.    CONCLUSION

For the reasons explained above, FitzMark's Motion for Attorneys' Fees (Filing No. 32) is **GRANTED in part**, and a lesser amount than requested is awarded. FitzMark requests attorney's fees in the amount of $54,303.00. For the reasons discussed above, the Court reduces the requested amount to $33,766.50. Defendants are **ORDERED** to pay FitzMark an award of attorneys' fees in the amount of **$33,766.50** (plus costs) within thirty (30) days of the date of this Order.

13

**SO ORDERED.**

Date: 2/23/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Alexander Pape Orlowski
BARNES & THORNBURG, LLP (Indianapolis)
aorlowski@btlaw.com

Matthew B. Barr
BARNES & THORNBURG, LLP (Indianapolis)
mbarr@btlaw.com

Lukas S. Boehning
FREDRIKSON & BRYON P.A.
lboehning@fredlaw.com

Pamela Abbate Dattilo
CROSSCASTLE PLLC
pamela.dattilo@crosscastle.com

Zachary Myers VanVactor
STITES & HARBISON, PLLC (Louisville)
zvanvactor@stites.com